CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 0 2014

JULIA C. DUDLEY, CLERK
BY: _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADRIAN NATHANIEL BACON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:13cv00565 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL WOOD, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Adrian Nathaniel Bacon, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. 1983, against Red Onion State Prison (ROSP) corrections officers Wood and Webb, alleging they used excessive force by pulling him through a tray slot, and against corrections officers White, Brinkley, and Rose, alleging they failed to protect him from that conduct. The defendants have moved for summary judgment, arguing Bacon failed to properly exhaust his administrative remedies, and Bacon has responded. Finding the defendants have not demonstrated they are entitled to summary judgment based on exhaustion, the court will deny their motion.

I.

The facts in the light most favorable to Bacon are as follows. On September 11, 2013, Bacon was kneeling by his closed cell door when Wood and Webb "literally pulled [him] through the tray slot," while White, Brinkley, and Rose "stood by without intervening." (Compl. at 3) Bacon allegedly sustained cuts and abrasions that required medical treatment.

ROSP provides an administrative grievance procedure for inmate complaints that requires inmates to attempt to resolve the issue through an informal grievance process and, if the issue remains unresolved, permits the inmate to proceed with the regular grievance process. (See ECF 21-1) ROSP received Bacon's Informal Complaint on September 30, 2013 and responded to it on October 15, 2013. Bacon claims he did not receive ROSP's response before submitting his

Regular Grievance.[1] In order to document his good faith effort to resolve the issue using informal grievance procedures, Bacon claims he attached the receipt for his Informal Complaint with his Regular Grievance. (Pl. Response at 1) ROSP officials nonetheless denied Bacon's Regular Grievance because he failed to attach the Informal Complaint itself. Bacon appealed, and the Regional Ombudsman upheld the denial.[2]

## II.

The defendants maintain that Bacon failed to exhaust his administrative remedies by submitting his Regular Grievance without attaching his Informal Complaint. Because it appears Bacon complied with administrative procedures by submitting the receipt for his Informal Complaint, the court will deny the defendants' motion for summary judgment.[3]

According to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). "The exhaustion requirement is mandatory, and courts lack the authority to waive that requirement." Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir.

---

[1] ROSP received his regular grievance on October 17, 2013, but it appears that Bacon signed it on October 10, 2013.

[2] The court is familiar with Bacon, who currently has two other civil rights actions pending. In Bacon v. Swiney, No. 7:13cv00324 (W.D. Va. July 17, 2013) (filed), Bacon claims corrections officers used excessive force during a cell extraction. Like the allegations in this case, in Bacon v. Rose, No. 7:13cv00350 (W.D. Va. July 29, 2013) (filed), Bacon alleges one corrections officer slammed his hand in a tray slot while others failed to intervene. Bacon has also filed two more civil rights lawsuits that are no longer pending. Bacon v. Varner, No. 7:11cv00272 (W.D. Va. November 2, 2011) (summary judgment granted); Bacon v. Gallihar, No. 7:14cv00121 (W.D. Va. April 30, 2014) (dismissed).

[3] A court should grant summary judgment when the pleadings, discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact is in dispute, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

2

2011) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A remedy becomes "unavailable" if a prisoner, "through no fault of his own, was prevented from availing himself of" the remedy. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

ROSP's administrative remedies are set forth in the Virginia Department of Corrections Operating Procedure (OP) 866.1, which requires an inmate to demonstrate he has made a good faith effort to resolve the issue informally via an Informal Complaint. OP 866.1(V)(B). "If 15 calendar days have expired from the date the Informal Complaint was logged without the offender receiving a response, the offender may submit a Grievance on the issue and attach the Informal Complaint receipt as documentation of the attempt to resolve the issue informally." Id. OP 866.1 also provides that an inmate must submit a Regular Grievance within 30 calendar days from the date of the incident and must attach documentation of his attempt to informally resolve the issue. OP 866.1(VI)(A). Some limited exceptions to the 30-day deadline exist, including circumstances beyond the offender's control. Id.

In the light most favorable to Bacon, it appears that Bacon complied with the administrative procedures relevant to the defendants' motion. When 15 calendar days passed and Bacon had not received any response to his Informal Complaint, he submitted his Regular Grievance along with the receipt for his Informal Complaint, in compliance with OP 866.1(V)(B) and (VI)(A). The defendants provide no evidence disputing Bacon's claims that he did not have a response to his Informal Complaint at the time he filed his Regular Grievance and that he attached the Informal Complaint receipt to his Regular Grievance. The court finds accordingly that the defendants have not demonstrated they are entitled to summary judgment based on Bacon's failure to exhaust.[4]

_____

[4] The court notes that OP 866.1 provides "[t]he offender is responsible for submitting the Informal Complaint in a timely manner to allow time for staff response within the time period

3

III.

For the reasons stated, the court denies defendants' motion for summary judgment.[5]

**ENTER:** May 30, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

allowed to file a Grievance," and staff response must be made within 15 days. OP 866.1(V)(B)-(C). Here, ROSP received Bacon's informal complaint on September 30, 2013, and had until October 15 to respond. Bacon's Regular Grievance, however, was due on October 11, 2013. It appears, although the court cannot discern and the defendants have not argued, that Bacon may have hindered his own ability to properly exhaust by submitting his Informal Complaint too late to permit a staff response within the 30-day time allotted to submit his Regular Grievance.

The court further notes that OP 866.1 requires that an inmate's Regular Grievance be "submitted" within 30 days from the date of the incident, but does not define when a document is considered "submitted." It is unclear precisely when Bacon submitted his Regular Grievance, and whether Bacon submitted it within the 30-day deadline. Even assuming Bacon "submitted" his Regular Grievance on the date he signed the document (October 10, 2013) – within the 30-day window – he then would not have met the 15-day requirement that allowed him to submit his Informal Complaint receipt. It appears, therefore, that either his Regular Grievance was not timely submitted or he was not entitled to attach the Informal Complaint receipt as documentation. Given that the defendants have not raised this issue and ROSP did not deny Bacon's grievance on this basis, the court does nothing more than note a potential timing disconnect with respect to Bacon's exhaustion obligations. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005) (dismissing _sua sponte_ a claim based on an inmate's failure to exhaust is not appropriate unless it is clear from the complaint that the inmate has not exhausted his administrative remedies).

[5] The defendants also moved for a protective order to stay discovery until the resolution of their Motion for Summary Judgment. Inasmuch as their Motion for Summary Judgment has now been adjudicated, the court will deny the motion for a protective order.

In addition, Bacon filed a motion for default judgment, arguing the defendants did not respond to the merits of his claims in their motion for summary judgment. The court finds no basis for granting default judgment and, therefore, will deny Bacon's motion.