IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADRIAN NATHANIEL BACON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:13CV00565 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| C/O MICHAEL WOOD, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Adrian Nathaniel Bacon, Pro Se Plaintiff; Kate E. Dwyer, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants;*

Adrian Nathaniel Bacon, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that two correctional officers at Red Onion State Prison used excessive force against him by "pull[ing him] through the tray slot" of his cell door, and that other officers failed to intervene. (Compl. 3, ECF No. 1.) The defendants have filed a Motion for Summary Judgment, asserting that because the Complaint fails to state any claim actionable under § 1983, they are entitled to qualified immunity. Bacon responded to the motion with an amendment stating additional alleged facts about the incident. Even liberally

construing the plaintiff's amended allegations, I conclude that the defendants are entitled to qualified immunity.[1]

I.

The facts appearing of record are as follows, recited in the light most favorable to Bacon. On September 11, 2013, after correctional officers searched his cell, Bacon refused to reenter the cell. Instead, he knelt down outside the cell door and asked to speak to a supervisor. Defendant Webb said he was the supervisor and, with defendant Wood's help, picked Bacon up and put him inside his cell. After his door closed, Bacon remained in a kneeling position and again asked to speak to a supervisor. Wood allegedly stated, "I got your supervisor." (Compl. 3, ECF No. 1.) Without first ordering Bacon to stand and back up to the tray slot for removal of his handcuffs, Wood and Webb "pulled [Bacon] through the tray slot." (Am. Compl. 1, ECF No. 40.) Bacon seeks monetary damages against Wood and Webb for excessive force and against three other officers — Brinkley, Ross and White — for failing to intervene to protect him.

A nurse treated Bacon immediately after the incident for abrasions and lacerations. Later that day, Bacon filed an emergency grievance, stating that the

---

[1] Because I find that, based on Bacon's allegations alone, the defendants are entitled to qualified immunity, the discovery Bacon previously requested will not be allowed. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991) (finding that qualified immunity is "immunity from suit" and authorizing protective order against discovery until court rules on qualified immunity defense).

pinky finger on his right hand might be broken. A nurse assessed the finger and referred Bacon to the doctor, who diagnosed the injury as a "PIP dislocation — reduced unable to flex at MIP or MED joint . . . tendon injury − fracture?" (*Id.*) An X ray showed no fracture, only mild tissue swelling. Bacon states that the finger remained crooked and painful for months thereafter.

## II.

The defendants assert that Bacon's allegations, even taken as true, do not satisfy the objective and subjective elements of an excessive force claim as defined by the Supreme Court in *Whitley v. Albers*, 475 U.S. 312, 319 (1986) or a claim for failure to intervene. Therefore, the defendants argue, Bacon has not stated any constitutional claim against them, and they are entitled to qualified immunity from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Law enforcement officers performing discretionary functions "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An officer is entitled to qualified immunity if the court finds that either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established such that it would not have been "'clear to a reasonable officer that his conduct

-3-

Case 7:13-cv-00565-JPJ-PMS   Document 58   Filed 12/29/14   Page 3 of 8   Pageid#: 200

was unlawful in the situation he confronted.'" *Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir. 2007) (quoting *Saucier*, 533 U.S. at 201, 202). Only if I find that the allegations do state the elements of a constitutional violation must I also decide whether the contours of the right were clearly established. *Saucier*, 533 U.S. at 201-202; *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (noting that judge may decide, case by case, which facet of the qualified immunity analysis should first be considered).

A.

It is well established that only "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley*, 475 U.S. at 319) (internal quotation marks omitted). On the other hand, not every malevolent touch by a prison guard amounts to deprivation of constitutional rights. *Hudson*, 503 U.S. at 9.

In the excessive force context, the court must inquire whether officials *subjectively* applied force "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (*id*. at 6) (internal quotation marks and citations omitted) and "[whether] the alleged wrongdoing was *objectively* 'harmful enough' to establish a constitutional violation." *Id.* at 8 (internal quotation marks and citation omitted) (emphasis

Case 7:13-cv-00565-JPJ-PMS   Document 58   Filed 12/29/14   Page 4 of 8   Pageid#: 201

added). The subjective inquiry considers: (1) the need for application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury, (4) the threat reasonably perceived by the responsible officials based on the facts known to them, and (5) any efforts made to temper the severity of a forceful response. *Id.* at 7. To prove the objective component of his excessive force claim, Bacon must show that the correctional officers' actions were more than a "de minimis use[ ] of physical force." *Id.* at 10.

In short, the "core judicial inquiry [is] . . . the nature of the force — specifically, whether it was nontrivial and was applied . . . maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (internal quotation marks and citation omitted). The type and extent of the injury the inmate suffered is relevant to both of these determinations: as a factor in determining "whether the use of force could plausibly have been thought necessary in a particular situation" and as "some indication of the amount of force applied." *Id.* at 37 (internal quotation marks and citations omitted).

Bacon's allegations do not give rise to a claim of constitutional proportions. Bacon admits that he had remained kneeling inside his cell to gain attention from a higher ranking officer, instead of complying with procedures he knew well, which required him to stand and back up to the tray slot for removal of the handcuffs. Yet, when Wood and Webb also allegedly failed to comply with this procedure by

-5-

ordering him to back up to the tray slot before pulling him toward the door, Bacon claims that they violated his constitutional rights. He is mistaken. An officer's mere violation of a state prison procedure does not rise to the level of a constitutional deprivation. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990).

To prove a constitutional violation, Bacon must state facts showing that the officers' actions could not be characterized as "a good faith effort to maintain or restore discipline" by applying some force as necessary to help Bacon comply with cuffing procedures. *Hudson,* 503 U.S. at 6; *see Wilkins*, 559 U.S. at 37. From Bacon's allegations, I cannot so find.[2] Bacon's admitted actions in refusing to comply with cuffing procedures created a legitimate need for the officers to use some force to achieve his compliance. Both the nature of the force employed — pulling a part of Bacon's body toward the tray slot — and the relatively minor, short-lived nature of his injuries ─ preclude a reasonable inference that Wood and

---

[2] Bacon declares that the officers "maliciously, sadistically, and wantonly pulled [him] through the tray slot." (Am. Compl. 1, ECF No. 40.) The court need not accept as true such self-serving labels, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Webb acted "maliciously and sadistically for the very purpose of causing harm."[3] *Hudson*, 503 U.S. at 6 (internal quotation marks and citations omitted).

For the stated reasons, I conclude that Bacon's allegations do not satisfy either the objective or the subjective facets of the excessive force analysis under *Hudson*. Because Bacon thus fails to state a violation of his constitutional rights, Wood and Webb are entitled qualified immunity against his claims for damages. *Saucier*, 533 U.S. at 201-202. I will grant their motion accordingly and dismiss Bacon's claims.

B.

Prison officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984). "[I]f a bystanding officer (1) is confronted with a fellow officer's illegal act, (2) possesses the power to prevent it, and (3) chooses not to act, he may be deemed an accomplice and treated accordingly." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 203 (4th Cir. 2002).

---

[3] I also find that Bacon's allegations about his injuries offer no indication that Wood and Webb used more than de minimis force in pulling his hand through the tray slot. The injuries Bacon suffered, while no doubt painful, are the sort that could easily occur in a fall after losing one's own balance, for example. Such commonplace injuries do not support a reasonable inference that the officers' pull on the strap was more than trivial force or that the force, rather than gravity, caused Bacon's injuries. *Wilkins*, 559 U.S. at 37.

-7-

As I have already found that Bacon's allegations do not state any actionable claim that the actions by Wood and Webb violated his constitutional rights, I must also find that Bacon's allegations do not support the elements of bystander liability against defendants Brinkley, Ross, and White. Moreover, given the allegation that Wood and Webb surprised him by pulling him to the tray slot, Bacon does not allege facts indicating that the other officers had any foreknowledge of, or realistic opportunity to prevent, the actions of Wood and Webb.

III.

In conclusion, I find that because Bacon has not alleged facts stating a plausible constitutional claim against the defendants, they are entitled to qualified immunity against his claims for monetary damages. Therefore, I will grant the defendants' Motion for Summary Judgment and dismiss Bacon's case.

A separate Final Order will be entered herewith.

DATED: December 29, 2014

/s/ James P. Jones
United States District Judge